STATE OF MAINE                                      SUPERIOR COURT
PENOBSCOT, SS.                                      Docket No. CV-01-5

FILED AND ENTERED
SUPERIOR COURT

MAR 2 2 2002

PENOBSCOT COUNTY

DIAMOND MURPHY,              )
            Plaintiff,       )
                             )
                             )
                             )
        v.                   )        **ORDER ON MOTIONS**
                             )
                             )
                             )
                             )
C.N. BROWN CO.,              )
            Defendant.       )

DONALD L. GARBRECHT
LAW LIBRARY

APR 3 2002

Defendant's motion to strike jury demand and motion to strike affidavit of Dr. Heilman are denied. Defendant's motion for sanctions is withdrawn. Motions in limine will be dealt with prior to trial.

Although the parties disagree on some tangential matters, the court finds that the following facts are uncontroverted:

The Plaintiff had surgery in 1994 to remove a tumor from the vicinity of her temporal bone which necessitated the removal of portions of her right inner ear. As a result, she has no hearing in her right ear and has lost a degree of her sensation of balance. Plaintiff's surgeon reports that impact of the loss of the inner ear on her sense of balance affects her "...sense of overall well-being and her ability to concentrate...". He states that any adverse impact on her ability to concentrate may be affected by "...stress or pressure...".

Plaintiff was employed as a cashier at Defendant's convenience store in Brewer, Maine, from September 21, 1998, until she was terminated on January 11, 1999. Plaintiff typically took longer to perform her end-of-shift paperwork than Defendant allotted to its employees. Plaintiff asserts that the sequelae of her surgery, as noted above, affected her ability to concentrate and complete her paperwork within the allotted time.

The threshold issue presented by these facts is whether the Plaintiff's condition constitutes a disability under the Maine Human Rights Act.

Accepting the facts in a light most favorable to the Plaintiff, it is clear that she suffers from no cognitive defect as a result of her surgery - she is as "smart" now as she was before the removal of the tumor. Further, the record suggests no psychological pathology. In brief, her balance is impaired. In this regard, even a lay person can imagine how unsettling it could be to experience a loss of equilibrium in one's physical environment, and such insecurity could impact upon one's level of concentration on a given task.

Plaintiff's post-surgery balance impairment is not the issue here. The parties agree that she performed all physical activities (such as lifting and stocking) without notable difficulty.[1] The Plaintiff asks the court to make an additional inferential jump, ie. - that her balance impairment (her "disability," so to speak) impacts upon her concentration on mental tasks, and that this in turn constitutes a disability under the terms of the Maine Human Rights Act.[2]

The Maine Human Rights Act defines physical or mental disability as follows:

> Physical or mental disability means any disability, infirmity, malformation, disfigurement, congenital defect or mental condition caused by bodily injury , accident,disease, birth defect, environmental conditions or illness, and includes the physical or mental condition of a person that constitutes a substantial disability as determined by a physician, or in the case of mental disability, by a psychiatrist or psychologist, as well as any other health or sensory impairment that requires special education, vocational rehabilitation or related services.

5 MRSA §4553(7-A).

---

1 - Likewise, her hearing deficit is not a factor here.

2 - Dr. Heilmann's conclusory statements notwithstanding, no mental health professional or physician has stated that the Plaintiff's balance impairment did, in fact, result in an impairment of her ability to concentrate, and thus to lengthen the end-of-shift paperwork.

The Human Rights Commission has adopted employment regulations which define physical or mental disabilities as conditions which "...substantially limit one or more of such person's major life activities, has a record of such impairment, or is regarded as having such an impairment." Major life activities are further defined as "...caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."

Upon these facts, the court is extremely skeptical that the Plaintiff's condition falls within the scope of actionable disabilities under the Maine Human Rights Act. However, the Plaintiff has obtained an affidavit from a physician in which he states, in rather conclusory fashion, that Plaintiff's condition has affected major life activities. Accordingly, although the court declines to render summary in favor of the Defendant at this point, nothing in this decision shall be deemed res judicata on the issue, and the question may be visited again upon motion by the Defendant or sua sponte by the court at any later point in these proceedings after the evidence establishes a more extensive record.

The court declines to render judgment upon the remainder of the issues raised by the Defendant. Accordingly, the docket entry shall be: Defendant's Motion for Summary Judgment is denied.

**The Clerk may incorporate this Order into the docket by reference pursuant to M.R.Civ.P Rule 79 (a).**

Dated: March 22, 2002

_____
JUSTICE, SUPERIOR COURT

Date Filed ___1/10/2001___     ___PENOBSCOT___     Docket No. ___CV-2001-05___
County

Action __DAMAGES (CIVIL RIGHTS)__

ASSIGNED TO JUSTICE FRANICS C MARSANO
**RE-ASSIGNED TO JUSTICE ANDREW M. MEAD**

DIAMOND MURPHY       vs.     C. N. BROWN CO.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| GILBERT & GREIF<br>P O BOX 2339 – 82 Columbia Street<br>BANGOR ME 04402-2339<br>BY: Arthur J. Greif, Esq. | ROBINSON, KRIGER & MCCALLUM<br>P O Box 568<br>Portland ME 04112-0568<br>BY: James C. Hunt, Esq. |

| Date of Entry | |
|---|---|
| 1/10/01 | Complaint filed. |
| 1/10/01 | Case File Notice Postcard forwarded to Plaintiff's counsel. |
| 1/22/01 | Notice of Appearance filed by James C. Hunt, Esq. on behalf of C.N. Brown Co. |
| 1/29/01 | Answer filed by Defendant. |
| 1/31/01 | Acceptance of Service filed by James C. Hunt, Esq. on behalf of Defendant C N Brown Co. (s.d. 1/19/01) |
| 2/1/01 | Scheduling Order (M.R. Civ.P. 16(a) filed. Discovery deadline is November 1, 2001. (Marsano, J.) Copy forwarded to attorneys of record. |
| 2/6/01 | Notification of Discovery Service filed by Defendant, First Request for Production of Documents to Plaintiff. |
| 2/16/01 | Jury Trial fee of **$300.00** paid by Plaintiff. |
| 2/16/01 | Plaintiff's Demand for Jury Trial filed. |
| 3/9/01 | Notification of Discovery Service filed by Defendant, Notice to take Deposition of Plaintiff. |
| 5/1/01 | Plaintiff's Expert Witness Designation filed – Exhibit A attached. (Carl Heilman, M.D.) |
| 5/16/01 | Plaintiff's Amendment to her Expert Witness Designation filed. |
| 6/7/01 | Notification of Discovery Service filed by Plaintiff, Notice to take Deposition of Amy Bailey Scott and Laura Sargent Lopez. |